UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER ROBIN FITZGERALD,

Plaintiff,

v.

NEIL MADISON, *et al.*,

Defendants.

Case No. C26-5852-TMC-MLP

ORDER GRANTING REQUEST FOR APPOINTMENT OF COUNSEL AND DIRECTING THE PRO BONO COORDINATOR TO IDENTIFY PRO BONO COUNSEL

This is a prisoner civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Christopher Fitzgerald is currently in custody at the Coyote Ridge Corrections Center in Connell, Washington. Plaintiff submitted his complaint to the Court for filing on July 27, 2026, and sought leave to proceed with this action *in forma pauperis.* (*See* dkt. ## 1, 4.) Plaintiff alleges in his complaint that Defendants violated his Eighth Amendment rights during a period of confinement at the Washington Corrections Center ("WCC") in 2024. (*See* dkt. # 6.)

Specifically, Plaintiff asserts that while residing in WCC Receiving Unit R5 in August 2024, he was assigned a new cellmate who was advised by WCC staff prior to his placement in Plaintiff's cell that Plaintiff had been convicted of sex offenses. (*See* dkt. # 6.) Plaintiff maintains that once the other inmate was placed in his cell, the inmate advised Plaintiff that if he had been

convicted of sex offenses, they would have problems. (*See id.*) Shortly thereafter, the other inmate assaulted Plaintiff and broke his jaw, which required multiple subsequent surgeries. (*See id.*) Plaintiff asserts that following the assault, WCC corrections staff failed to timely respond to the emergency despite the fact that emergency placards were being waved from multiple cell doors. (*See id.*) Plaintiff maintains that the assault was part of a pattern within Unit R5 of corrections officers fostering a hostile environment towards inmates convicted of sex offenses and encouraging assaults on such inmates. (*See id.*)

On August 10, 2026, the Court granted Plaintiff's application to proceed IFP and ordered that his complaint be served on Defendants. (*See* dkt. ## 5, 6.) Counsel thereafter appeared on Defendants' behalf and, on October 9, 2026, Defendants filed an answer to Plaintiff's complaint. (Dkt. ## 12, 16.) On October 20, 2026, the Court received an application from Plaintiff for court-appointed counsel. (Dkt. # 18.) Defendants have not responded in any fashion to Plaintiff's request for counsel.

Generally, the decision to appoint pro bono counsel rests within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citations omitted). Neither of these factors is dispositive, and the factors must be viewed together before reaching a decision regarding appointment of counsel. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

The Court cannot, at this time, make any determination as to whether Plaintiff is likely to succeed on the merits of his Eighth Amendment claims. The Court also acknowledges that, while

Plaintiff's pleading was somewhat unwieldy, he was able to adequately articulate his claims in his complaint without the assistance of counsel. However, given the nature of the claims asserted by Plaintiff, the serious physical injuries sustained by Plaintiff, and the potential complexities involved in litigating a case of this nature, the Court deems appointment of counsel appropriate at this time.

Based on the foregoing, the Court hereby ORDERS as follows:

(1) Plaintiff's motion for appointment of counsel (dkt. # 18) is GRANTED, contingent on identification of counsel willing to represent Plaintiff in this matter. The Western District of Washington's Pro Bono Coordinator is directed to identify counsel to represent Plaintiff, in accordance with the Court's General Order 06-26 ("In re: Amended Plan for the Representation of Pro Se Litigants in Civil Rights Actions"), section 3. Once it has been determined whether the Court will be able to appoint an attorney to represent Plaintiff, the Court will issue appropriate orders.

(2) The Clerk is directed to send copies of this Order to Plaintiff, to the Pro Bono Coordinator, and to the Honorable Tiffany M. Cartwright.

DATED this 20th day of November, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge